## LONG v. HARMON.   (No. 9327.)

(Court of Civil Appeals of Texas. Dallas. Feb. 21, 1925. Rehearing Denied March 21, 1925.)

1. **Brokers ⚙➡46—Officer of realty company on listing property with it was entitled to reserve right to sell without liability for commission.**

One having financial interest in and official connection with a realty company *held* entitled to list his property with company, and also reserve privilege of selling property himself.

2. **Appeal and error ⚙➡999(1)—Verdict of jury final as to whether sale of land occurred while agency contract was in force.**

In action for commission alleged to be due for sale of property within plaintiff's exclusive territory, verdict of jury *held* final to effect that sale occurred while contract was in force.

3. **Brokers ⚙➡46—Agent of realty company not entitled to commission, where company was not.**

Where right to sell property listed with realty company was reserved by owner so that company was not entitled to commission under sale engineered exclusively by owner, agent of company in whose exclusive territory property was could not be entitled to commission.

4. **Appeal and error ⚙➡237(5)—Failure to request directed verdict held not to militate against right to have error redressed.**

Where verdict should have been directed as plainly revealed on face of record, failure to request such direction *held* not to militate against right to have error, which was fundamental, redressed, especially where it was called to attention of trial court in motion for rehearing.

Appeal from Dallas County Court; W. N. Coombes, Judge.

Suit by T. A. Harmon against E. R. Long. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Geo. K. Holland, of Dallas, for appellant.
Claude C. Westerfeld, of Dallas, for appellee.

VAUGHAN, J. This suit originated in one of the justice courts of precinct No. 1, Dallas county, with appellee as plaintiff and appellant as defendant. Appellee instituted the suit to recover the sum of $190 claimed to be due by appellant as commission on account of sale of property owned by appellant, under the following circumstances: That appellee was employed about April 1, 1922, by the Union Realty & Securities Company, of Dallas, as a salesman of real estate; that he went to work under a verbal contract of employment, whereby he was assigned a particular territory in the city of Dallas in which to operate as a salesman; that he was to receive a commission on any sale made on property located in his particular territory, regardless of whether he procured the purchaser or had anything at all to do with the sales transaction; that he claimed a commission from appellant because appellant's property, for the sale of which commission was claimed, was located in the particular territory assigned to him, and the sale was made during his employment as aforesaid.

Appellant's defense was presented by general demurrer, general denial, and a special plea, to the effect that appellant did not owe appellee anything; that appellee was not the procuring cause of the sale; that appellant procured the purchaser and made the sale; that appellee did not have an exclusive right to make the sale or procure the purchaser; and that, in fact, appellee did nothing towards finding the purchaser of

appellant's property, or towards making the sale.

Special issues were submitted to and answered by the jury as follows:

"Did the plaintiff sign the agreement with the Union Realty, & Securities Company before or after the defendant entered into the contract of sale with Mr. Erwin? Answer:. After.

"If you have answered that the plaintiff signed the written agreement with the Union Securities Company after the contract of sale was entered into by defendant Long and Neil Erwin, then you will answer this question. If you have answered that it was signed before the contract of sale was entered into, you need not answer this question: What amount, if any, is the defendant indebted to the plaintiff? Answer: $190."

On which verdict the trial court rendered judgment in favor of appellee for the sum of $190, from which appellant duly prosecuted his appeal to this court.

The record contains several assignments of error. However, under the view we take of the questions presented, it will only be necessary to discuss the assignments presenting the proposition that the verdict and judgment rendered against appellant is not only contrary to but unsupported by any evidence, in that the undisputed evidence shows that the listing of said property for sale with the Union Realty & Securities Company on July 1, 1921, was not exclusive, but that appellant reserved to himself the right to sell said property, and did sell it, and further because appellee did not make the sale of said property or have anything whatsoever to do with the transaction.

We find the following facts to be established from the undisputed testimony: That the Union Realty & Securities Company is a joint-stock association with its office at Dallas, Tex., and that said company does a general real estate, sales, and leasing business, and also writes insurance; that appellant was president of said company on and prior to April 1, 1922, and that he was president of said company from said date up to the trial of said cause in the county court at law No. 1; that appellee was employed by said realty company as a salesman on or about the 1st day of April, 1922, and continued in such employment for several months; that the property, for the sale of which appellee claims the commission sued for, was jointly owned by the appellant and his two minor children; that appellant listed said property for sale with the Union Realty & Securities Company on July 1, 1921; that such listing was not exclusive, as the appellant reserved to himself the right of making a sale of said property; that the record of the listing of said property for sale by said realty company shows that it was listed with said company for sale under date July 27, 1921, and contains the following: "Not exclusive listing." That on the 31st day of May, 1922, appellant contracted to sell said property to one Neil C. Erwin; that appellee had nothing whatever to do with finding said purchaser or making the sale thereof; that said property was located in the territory which had been assigned to appellee; that under said purchase contract said property was conveyed by appellant to Neil C. Erwin on the 7th day of August, 1922, for a consideration of $7,600; that appellant alone negotiated with said Erwin for the purchase of said property, and that no commission on the sale of same was paid to the Union Realty & Securities Company, or to any one else.

[1] Notwithstanding appellant's official connection with and financial interest in the Union Realty & Securities Company, in listing his property with said company he occupied the same position under the law as though he had not been thus associated with or interested in the company. He had the right to reserve to himself the privilege of making sale of the property and, in the exercise of such right, to be just as much protected as if he had been dealing with any other real estate agent.

Unless it can be said that under the above undisputed facts said real estate company was entitled to commission under the listing, certainly appellee, not being in any better position than the realty company, cannot successfully contend for the payment of any sum as commission, as his right to recover must of necessity depend upon the right of the company with which the property was listed to collect commission.

[2] Appellee contends, which contention under the verdict of the jury must be accepted as having been fully established:

(a) That the sale of appellant's property was made while the following verbal agreement was in force as a part of his contract of employment with the Union Realty & Securities Company:

"That he was to have a certain territory in the city of Dallas in which he was to operate as salesman for the Union Realty & Securities Company, and was assigned to Vickery and Belmont territory; that under his said verbal agreement he was to receive a commission on any sales made through the Union Realty & Securities Company of real estate located in his particular territory, regardless of whether he found the purchaser of said property, and regardless of whether he had anything at all to do with the sales transaction, except unless otherwise agreed as between agents."

(b) That under this agreement, the residential districts of Dallas were divided into certain exclusive territories by said real estate company, and each agent of said company handling the sale of residential property had a particular territory assigned to him.

Therefore we must dispose of the case as if the sale made by appellant to Erwin was

consummated while said verbal agreement was in force.

[3, 4] What effect can this have on the rights of the parties? It is uncontroverted that in listing the property with the realty company appellant reserved the right, not only to list the property with any other real estate agent for sale, but the right to make sale of the property in his own proper person. This right remained unchanged and unimpaired in every respect, notwithstanding the existence of said verbal agreement, as the right to receive compensation for the sale of the property so listed depended, both as to appellee and said company, on a sale being made by said company or by some one acting for it, so as to create a liability on the part of appellant to pay commission under said contract. Appellant had reserved to himself the right to sell the property so listed, and did sell it without the assistance in any respect of the real estate company or appellee. Therefore it is inconceivable how, under the rules of law governing the rights of the parties, any liability was ever created on account of the sale of the property by appellant to pay commission to the realty company or to appellee. Appellant did not request the court to instruct the jury to return a verdict in his favor. However, as this proposition presents fundamental error, as is clearly revealed on the face of the record, such failure cannot militate against the right of appellant to have the error now redressed, especially as the error was called to the attention of the trial court by appellant in his motion for rehearing.

The record affirmatively disclosing that no right of recovery exists in favor of appellee, the judgment of the court below is reversed, and the cause here rendered for appellant.

Reversed and rendered.